UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE ERBY,

    Plaintiff,                                       Civil Action No. 16-CV-10658

v.                                                HON. BERNARD A. FRIEDMAN

JOHN DOE, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**

Plaintiff Maurice Erby, currently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a pro se "Petition for Appointment of Guardian Ad Litem" under Fed. R. Civ. P. 17(c), as well as an application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915.  Plaintiff states that he seeks the appointment of a guardian ad litem to help him file a complaint against state prison officials for "torture, conspiracy to murder, Jus Cogen, retaliation, and many other transgressions."  Plaintiff also states that he is being subjected to mental health treatment against his will.

Under the Prison Litigation Reform Act, a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under the following circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires a federal court to dismiss a civil

case if the prisoner seeks to proceed without prepayment of the filing fee and if, on three or more previous occasions, a federal court has dismissed the prisoner's action on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff Erby has filed numerous federal lawsuits. Court records reveal that he has filed at least three prior cases which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Erby v. Kula*, No. 5:04-cv-53 (W.D. Mich. May 10, 2004); *Erby v. MDOC,* No. 1:03-cv-49 (W.D. Mich. Mar. 10, 2003); *Erby v. Wolever*, No. 1:01-cv-432 (W.D. Mich. Aug. 1, 2001). At least two other of his cases have been dismissed pursuant to 28 U.S.C. § 1915(g). *See Erby v. Murth, et al.*, No. 1:05-cv-392 (W.D. Mich. Aug. 17, 2005); *Erby v. Kula*, No. 1:05-cv-171 (W.D. Mich. Apr. 18, 2005).

Consequently, plaintiff may not proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception to the three strikes rule, a prisoner must allege that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*). An assertion of past danger is insufficient, as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *2 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Plaintiff does not allege any facts which indicate that he is under imminent danger of

serious physical injury. He thus fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court hereby denies plaintiff's application for leave to proceed without prepayment of the filing fee and dismisses his petition for appointment of guardian ad litem pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a complaint with payment of the filing fee. The Court also concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) and that any appeal from this order therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 5, 2016
      Detroit, Michigan

3